PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PERRY GRIGGS,

       Plaintiff,

  -v-                                      17-CV-6456-MAT
                                            **DECISION AND ORDER**

STEWART ECKERT, *Superintendent*,
R. SCHMAUSS, RDH, R. TENBRINK,
DDS, MAUREEN KELLER, RDH,

       Defendants.
_____

## **FACTUAL AND PROCEDRUAL BACKGROUND**

Plaintiff Perry Griggs ("Plaintiff"), a prisoner who was incarcerated at the Wende Correctional Facility at the time of the events alleged in the Complaint, filed this *pro se* action seeking relief under 42 U.S.C. § 1983. Plaintiff alleged he was denied adequate dental care in violation of his rights under the Eighth Amendment to the United States Constitution. Specifically, he alleged that Defendant Schmauss conducted a dental exam on December 4, 2014 and determined that Plaintiff needed four dental fillings, but that only one filling was performed by Schmauss at that time. A year later, on December 2, 2015, Defendant Keller, a dental hygienist, allegedly conducted an exam at which time she noted problems with the same four teeth. She also noted a previous notation of "possible decay" of the same teeth. On January 29, 2016, Defendant Dr. Tenbrink conducted another exam and scheduled an

appointment for March 24th to fill two teeth.  The appointment was allegedly rescheduled several times until one tooth was extracted on June 9, 2017.

Plaintiff filed a grievance on June 8, 2017, complaining that that two of his scheduled dental appointments to fill his cavities had to be rescheduled because correctional officers failed to escort him to the appointments.  He also noted that he was "in a lot of pain and discomfort and ha[d] been for some time."  Docket No. 1 at 5, 8;[1] Docket No. 4 at 4-5.

In a prior Decision and Order dated January 17, 2018, the Court granted Plaintiff permission to proceed *in forma pauperis* and, upon screening the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A ("Section 1915" and "Section 1915A"), found that Plaintiff sufficiently alleged that he had suffered from a serious medical need, *see Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998), but failed to allege that Defendants were deliberately indifferent to his dental needs, *see Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Docket No. 4 at 5-6.  The Court granted Plaintiff leave to amend the Complaint to allege that Defendants were deliberately indifferent to his dental needs.

Plaintiff has now filed an Amended Complaint.  Docket No. 5. For the reasons set forth below, the Amended Complaint is dismissed

---

[1] Page references are to those generated by the Court's Case Management and Electronic Case Filing System.

2

because it fails to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## **DISCUSSION**

Sections 1915 and 1915A "provide an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). Section 1915A(b) provides that the Court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity if, at any time, the Court determines that the action (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2).

In evaluating a complaint, the court must accept as true all of the plaintiffs factual allegations, and must draw all inferences in the plaintiffs favor. *See, e.g., Larkin v. Savage,* 318 F.3d 138, 139 (2d Cir. 2003). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even *pro se* pleadings must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon,* 360 F.3d 73, 79 n.11 (2d Cir. 2004) ("[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike."). In order to

state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The Second Circuit has recognized that this plausibility standard governs claims brought even by pro se litigants." *Hughes v. Nemier*, No. 12-CV-6024FPG, 2014 WL 1322872 at *2 (W.D.N.Y. Mar. 31, 2014) (citing *Robles v. Bleau,* No. 9:07–CV–0464, 2008 WL 4693153, at *5 (N.D.N.Y. Oct. 22, 2008); *Jacobs v. Mostow,* 271 F. App'x 85, 87 (2d Cir. 2008); *Boykin v. KeyCorp,* 521 F.3d 202, 215–16 (2d Cir.2008)) (internal quotation marks omitted).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton,* 126 F.3d 400, 405 (2d Cir. 1997).

Plaintiff's Amended Complaint in all substantive respects is identical to the initial Complaint, except it adds as a Defendant Superintendent Stewart Eckert and alleges that Eckert failed to "set

4

up" policies to guide his subordinates "so that violations for constitutional rights do not occur." Docket No. 5 at 5-6. Plaintiff claims that there were

> unwritten policies which made it possible for officers to refuse to transport [him] to the dental office without their being any check and balances to prevent the harm caused . . . or to even determine who the officers were. Furthermore Stewart Eckert is responsible for the officers who failed to transport [him] due to there not being any custom or policy in place which supervises these officers to make sure they escort inmates who are scheduled for treatment. [Eckert] was responsible for the delay of treatment.

*Id.* at 6.

First, since Plaintiff does not allege any additional allegations against Defendants Schmauss, Tenbrink, and Keller regarding how they were deliberately indifferent to Plaintiff's dental needs, the claims against them must be dismissed with prejudice, for the reasons set forth in this Court's January 17, 2018 Decision and Order (Docket No. 4). Second, Plaintiff's allegations against Superintendent Eckert fail to state a claim upon which relief can be granted and the claims against him are dismissed.

Under Section 1983, a supervisor may be liable for a subordinate's violation if the supervisor participated in the wrongful conduct, failed to remedy known violations of constitutional rights, created a policy or custom under which unconstitutional practices occurred, allowed such a policy or custom to continue, or was grossly negligent in managing subordinates. *See Colon v.*

5

*Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995); *see also Doe v. Whidden*, 557 F. App'x 71, 72-73 (2d Cir. 2014) (finding that plaintiff who was assaulted by cellmate failed to establish that any assignment error by the unidentified official responsible for assigning cellmates was attributable to the warden of facility). In this case, there is no plausible allegation that Eckert directly participated in the alleged denial of dental care, failed to remedy a known violation, created or permitted a policy or custom under which unconstitutional practices occurred, or was grossly negligent in managing his subordinates.

Because the Court previously granted Plaintiff an opportunity to amend the Complaint, *see Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("A pro se complaint should not [be] dismiss[ed] without [the Court's] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.") (internal quotation and citation omitted), and because the Court finds that any further amendment would be futile, the Court denies Plaintiff further leave to amend the Amended Complaint. See *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003).

## CONCLUSION

For the reasons discussed above, the Amended Complaint (Docket No. 5) is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A. Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals

6

dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. *See* 28 U.S.C. § 1915(g).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *See Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## **ORDER**

IT HEREBY IS ORDERED, that the Amended Complaint is dismissed with prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

ALL OF THE ABOVE IS SO ORDERED.

s/ Michael A. Telesca<br>
MICHAEL A. TELESCA<br>
United States District Judge

Dated:  April 12, 2018
        Rochester, New York