PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PERRY GRIGGS,

Plaintiff,

-v-

17-CV-6456 MAT
ORDER

R. SCHMAUSS, et al.,

Defendants.

---

**INTRODUCTION**

On April 12, 2018, the Court, upon screening of the *pro se* Plaintiff's Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, entered a Decision and Order dismissing the Amended Complaint with prejudice based on its failure to state a claim upon which relief can be granted. Docket No. 6. Judgment was entered that same date dismissing the Amended Complaint. Docket No. 7. Plaintiff

has filed a Motion for Reconsideration, pursuant to Fed. R. Civ. P. 60(b), of that Decision and Order. Docket No. 8. For the following reasons, the motion is denied.

**DISCUSSION**

The Court had found initially upon screening of Plaintiff's original Complaint that it failed to state a claim upon which relief could be granted based on an alleged denial of adequate dental care in violation of the Eighth Amendment to the United States Constitution, but granted Plaintiff leave to file an amended complaint. Docket No. 4. Specifically, the Court found that while Plaintiff had alleged sufficiently that he suffered from a serious dental need, he failed to allege that Defendants were deliberately indifferent to that need. *Id.* at 2.[1]

[1] Page references are to those generated by the Court's Case Management and Electronic Case Filing System ("CM/ECF).

Plaintiff filed an Amended Complaint on February 20, 2018. Docket No. 5. Upon review of the Amended Complaint, the Court found that the Amended Complaint, "in all substantive respects," was identical to the original Complaint, except that it added as a Defendant the Superintendent of the Wende Correctional Facility, Stewart Eckert, and alleged that Eckert had failed to "'set up' policies to guide his subordinates 'so that violations for constitutional rights do not occur.' " Docket No. 6 at 4-5 (quoting Docket No. 5 at 5-6).

Because the Amended Complaint did not assert any additional substantive allegations against the original Defendants—Schmauss, Tenbrink, and Keller—regarding how they were allegedly deliberately indifferent to Plaintiff's dental needs, the Court found that the Amended Complaint failed to state a claim upon which relief could be granted

against them. Docket No. 6 at 5. The Court also found that the Amended Complaint failed to allege that Eckert was personally involved in the alleged denial of adequate dental care. *Id.* at 5-6.

Rule 60(b) of the Federal Rules of Civil Procedure sets forth the grounds on which a court, in its discretion, can rescind or amend a final judgment or order. It provides, in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ..., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, ...; or (6) any other reason that justifies relief.

Properly applied, Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of

judgments. *House v. Secretary of Health and Human Services*, 688 F.2d 7, 9 (2d Cir. 1982); *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981). In other words, it should be broadly construed to do "substantial justice," *see Seven Elves*, 635 F.2d at 401, yet final judgments should not "be lightly reopened." *Id.*; *see also Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). Rule 60(b) may not be used as a substitute for a timely appeal. *United States v. O'Neil*, 709 F.2d 361, 372 (5th Cir. 1983); *Rinieri v. News Syndicate Co.*, 385 F.2d 818, 822 (2d Cir. 1967). Since Rule 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988); *Nemaizer*, 793 F.2d at 63.

Here, the Court finds that there is no basis to reconsider its Decision and Order dismissing the Amended Complaint. Plaintiff's Motion does not demonstrate that there has been a mistake, inadvertence, surprise, excusable neglect, fraud, misrepresentation or newly discovered evidence. *See* Fed. R. Civ. P. 60(b)(1)-(5). Nor has Plaintiff established exceptional circumstances justifying the relief he seeks. *See Nemaizier*, 793 F.2d at 63. Plaintiff's Motion for Reconsideration contends that his Amended Complaint did, in fact, allege additional allegations against Schmauss, Tenbrink and Keller related to their deliberate indifference to his dental needs. He claims that the Amended Complaint alleged further details regarding the number of times his appointment to have his cavities filled was rescheduled by Defendants. Specifically, he states he alleged two additional times his appointment

was rescheduled, March 24 to May 3, 2016, and May 3, 2016 to June 17, 2016. Docket No. 8 at 2.

The Decision and Order dismissing the Amended Complaint had summarized Plaintiff's claims in the original Complaint as follows,

> Schmauss had conducted a dental exam on December 4, 2014, and determined that Plaintiff needed four dental fillings, but that only one filling was performed by Schmauss at that time. A year later, on December 2, 2015, Defendant Keller, a dental hygienist, allegedly conducted an exam at which time she noted problems with the same four teeth. She also noted a previous notation of "possible decay" of the same teeth. On January 29, 2016, Defendant Dr. Tenbrink conducted another exam and scheduled an appointment for March 24 to fill two teeth. The appointment was allegedly *rescheduled several times* until one tooth was extracted on June 9, 2017.

ECF No. 6 at 1-2 (citation omitted) (emphasis added). The Court found that based on these allegations, Plaintiff had

failed to allege deliberate indifference but granted Plaintiff leave to file an amended complaint.

The Amended Complaint's addition of additional specific dates that his appointment to fill his cavities was rescheduled does not, in any way, alter the conclusion that Plaintiff failed to state a plausible claim for relief under the Eighth Amendment. Simply stated, Plaintiff has not demonstrated a basis to reconsider the Court's Decision and Order dismissing the Amended Complaint and the Motion for Reconsideration must be denied.

**ORDER**

IT HEREBY IS ORDERED, that Plaintiff's Motion for Reconsideration is denied; and

FURTHER, that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would

not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied.

SO ORDERED

S/Michael A. Telesca

______________________________
Honorable Michael A. Telesca
United States District Judge

DATED: May 25, 2018
Rochester, New York