UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PERRY GRIGGS,

      Plaintiff,

  -vs-　　　　　　　　　　　　　　　　　　**6:17-cv-06456-MAT**
　　　　　　　　　　　　　　　　　　　　　　　　**DECISION AND ORDER**
R. SCHMAUSS, DDS; Maureen
Keller, RDH; R. Tenbrink, DDS;
Stewart Eckert,
Superintendent,

      Defendants.
_____

**INTRODUCTION**

    This is a *pro se* action instituted by Perry Griggs ("Plaintiff" or "Griggs"), an inmate in the custody of the New York State Department of Corrections and Community Supervision, who alleges deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Specifically, Plaintiff alleges that he was denied access to adequate dental care in violation of the Eighth Amendment to the United States Constitution. On initial screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the found that the Amended Complaint failed to state a claim upon which relief could be granted because it lacked plausible allegations pertaining to the subjective component of an Eighth Amendment claim. Docket No. 6. Judgment was entered dismissing the Amended Complaint with prejudice.

1

Presently before the Court is Plaintiff's Motion to Vacate the Judgment based on newly discovered evidence. For the reasons set forth below, the Motion to Vacate the Judgment is granted as to defendant R. Schmauss, DDS ("Dr. Schmauss") only. The remaining defendants are dismissed based on Plaintiff's failure to plausibly allege their personal involvement in the asserted constitutional violation. Plaintiff will be directed to file a second amended complaint against Dr. Schmauss within thirty (30) days of entry of this Decision and Order.

## DISCUSSION

Plaintiff's Motion relies on Federal Rule of Civil Procedure Rule 60(b)(2) ("Rule 60(b)(2)"), which provides that relief from a final judgment or order may be granted based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b) [, i.e., 28 days]." Fed. R. Civ. P. 60(b)(2). A motion under Rule 60(b)(2) must be made within year after the judgment. Fed. R. Civ. P. 60(c)(1). Here, Plaintiff's motion was made well within a year of the Court's judgment.

To succeed on a Rule 60(b)(2) motion based on newly discovered evidence, the moving party must show that "'(1) newly discovered evidence is of facts existing at the time of [the prior decision]; (2) the moving party is excusably ignorant of the facts despite using due diligence to learn about them; (3) the newly discovered

2

evidence is admissible and probably effective to change the result of the former ruling; and (4) the newly discovered evidence is not merely cumulative . . . of evidence already offered.'" *Tufts v. Corp. of Lloyd's*, 981 F. Supp. 808, 812 (S.D.N.Y. 1996) (quoting *Mancuso v. Consol. Edison Co. of N.Y., Inc.*, 905 F. Supp. 1251, 1264 (S.D.N.Y. 1995)). The evidence must be "'truly newly discovered or . . . could not have been found by due diligence.'" *Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 131 (2d Cir. 2010) (quoting *United States v. Potamkin Cadillac Corp.*, 697 F.2d 491, 493 (2d Cir. 1983)).

Plaintiff's newly discovered evidence consists of a statement signed by Robert Moore ("Moore"), a fellow inmate at Wende Correctional Facility ("Wende") regarding remarks Moore overheard defendant Dr. Schmauss make at the time of the alleged denial of adequate dental care. In relevant part, Moore states as follows: "On or about December 4, 2014. I overheard Dr. Schmauss say[,] 'this fucking guy Griggs again.' I assumed he was referring to a co-worker. He then said 'I'm gonna make sure that he (Griggs) never gets his cavities filled until[] hell [f]reezes over.' " Docket No. 10 at 3. Moore's affidavit is not sworn but contains the notation, "No Notary Available." Moore's signature is witnessed by two other inmates who provide their DOCCS' identification numbers. *Id.*

The Court finds that Plaintiff has satisfied the first requirement of a Rule 60(b)(2) claim insofar as the newly discovered evidence consist of facts existing at the time of the Court's prior decision. *Tufts*, 981 F. Supp. at 812. That is, Moore overheard the alleged remarks by Dr. Schmauss in 2014, and the Court's prior decision was issued in 2018. Thus, Dr. Schmauss's alleged remarks were in existence at the time of the Court's prior decision, although they were unknown to Plaintiff at that time.

The Court also finds that Plaintiff has fulfilled the second requirement of a Rule 60(b)(2) claim, which pertains to the litigant's exercise of diligence. Plaintiff claims he had no knowledge of the existence of this "newly discovered evidence" and was unable to "produce any witness to these facts previously." Docket No. 10 at 2. Despite making a "diligent search [and] inquiry for a witness and evidence . . . [he] could not find or learn of no one by whom these facts could be proved." *Id.* The Court finds that this explanation is plausible since, at the time Moore allegedly overheard Dr. Schmauss threaten to deny Plaintiff dental care, Plaintiff was not present. Thus, it is entirely plausible that Plaintiff had no knowledge of Moore's existence as a potential witness at the time he filed his complaint.

The Court next turns to the third requirement of a Rule 60(b)(2) claim, which incorporates the concepts of admissibility and materiality. Given the particular procedural status of this

4

case, the Court finds that this requirement is satisfied. Although the unsworn nature of Moore's statement is a potential barrier to admissibility, it bears nothing that the Court is simply being asked to reconsider its ruling on an initial screening order of a *pro se* complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Had Plaintiff quoted the alleged remarks overhead by Moore in a prior complaint, they likely would have been sufficient to at least allow the claim to survive initial screening under the lenient standard the Court must utilize. See Cusamano v. Sobek, 604 F. Supp. 2d 416, 445 (N.D.N.Y. 2009) (noting that "generally the pleadings of *pro se* litigants are construed with even more liberality than is required under Fed. R. Civ. P. 8, which requires all pleadings to be construed to do "substantial justice"). To plausibly allege the subjective component of a claim for deliberate indifference, an inmate must assert that the care provider consciously and intentionally disregarded or ignored a serious dental need of which the provider was aware. *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998). The remarks allegedly made by Dr. Schmauss are relevant to his knowledge of Plaintiff's serious dental condition and his (potentially) culpable state of mind. Thus, they are "'probably effective,'" *Tufts*, 981 F. Supp. at 812 (quotation omitted), to alter the Court's previous ruling.

With regard to the fourth requirement of a Rule 60(b)(2) claim, the Court finds that the newly discovered evidence is not

cumulative essentially for the reasons stated in the foregoing paragraph. Plaintiff's allegations regarding the subjective component of a deliberate indifference claim were lacking; the written statement from Moore "filled in" this gap in the pleadings.

Finally, bearing in mind the need for balancing "the policy in favor of hearing a litigant's claims on the merits against the policy in favor of finality[,]" *Kotlicky v. U.S. Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987) (citations omitted), the Court finds that it should decide the Rule 60(b)(2) motion in favor of hearing the case on the merits. Whether the remarks were actually made by Dr. Schmauss is not the issue upon screening; the only issue is whether the allegations, accepted as true, state a claim that is plausible on its face. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)); *see also*, *e.g.*, *Chance v. Armstrong,* 143 F.3d at 704 ("[E]ven if we think it highly unlikely that [the plaintiff] will be able to prove his allegations, that fact does not justify dismissal for failure to state a claim, for 'Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations.'") (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); ellipsis in original).

## CONCLUSION

Plaintiff's Motion for Relief from Judgment, Docket No. 10, is granted with respect to the Judgment entered in favor of

Defendant R. Schmauss.  The Judgment in all other respects remains undisturbed. Plaintiff shall file a second amended complaint against R. Schmauss *only*, no later than thirty (30) days from entry of this Decision and Order, at which time the Court will screen it under 28 U.S.C. §§ 915(e)(2)(B)(ii) and 1915A(b).

    **SO ORDERED.**

              **s/ Michael A. Telesca**

            _____
                Michael A. Telesca
            United States District Judge

DATED:    January 4, 2019
            Rochester, New York.