UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PERRY GRIGGS,

        Plaintiff,

    v.

R. SCHMAUSS, DDS,

        Defendant.
_____

**DECISION AND ORDER**

6:17-CV-06456 EAW

*Pro se* plaintiff Perry Griggs ("Plaintiff"), an inmate confined at the Elmira Correctional Facility, alleges a claim of deliberate indifference to his serious medical needs against defendant R. Schmauss, DDS ("Defendant"). (Dkt. 12). On January 17, 2018, the Hon. Michael A. Telesca granted Plaintiff leave to proceed *in forma pauperis*. (Dkt. 6). On October 31, 2019, Judge Telesca directed service of the Second Amended Complaint (the operative pleading in this matter) on Defendant by the United States Marshals Service (the "USMS"). (Dkt. 17).

On January 9, 2020, the Summons was returned unexecuted as to Defendant. (Dkt. 18). On February 20, 2020, Plaintiff filed a motion for default judgment. (Dkt. 19). The case was transferred to the undersigned on March 19, 2020. (Dkt. 20). On April 2, 2020, the Clerk of Court reissued the Summons as to Defendant and forwarded the same to the USMS to reattempt service.

Plaintiff's motion for a default judgment (Dkt. 19) is denied. "It is basic that in order for a default judgment to be taken against a defendant, a plaintiff must show that the

- 1 -

defendant has been served and that personal jurisdiction over the defendant was thereby acquired." *Goossens v. Wade*, No. 08-CV-446F, 2010 WL 2649882, at *2 (W.D.N.Y. June 29, 2010). In this case, as discussed above, Defendant has not yet been served, and so no default judgment can issue.[1]

The Court notes that Defendant has not been served within the time period required by Federal Rule of Civil Procedure 4(m). In light of Plaintiff's *pro se* status and the apparent difficulty the USMS has had in serving Defendant, the Court will *sua sponte* extend Plaintiff's deadline to serve Defendant to June 30, 2020. *See Gibson v. Smith*, No. 6:17-CV-6449 (MAT), 2017 WL 5622950, at *3 (W.D.N.Y. Nov. 22, 2017) (extending time for service *sua sponte* "in light of plaintiff's *pro se* status and his efforts to effect service"). However, Plaintiff is cautioned that if service has not been completed by that date, it is his obligation to seek a further extension. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) ("If a plaintiff proceeding [*in forma pauperis*] chooses to rely on the Marshals to serve the relevant parties, and it becomes apparent that the Marshals will not accomplish this by the Rule 4(m) or court-ordered deadline, she must advise the district court that she is relying on the Marshals to effect service and request a further extension of time for them to do so.").

---

[1] Even had Defendant been served, Plaintiff has not complied with Federal Rule of Civil Procedure 55, which requires him to obtain a Clerk's entry of default prior to filing a motion for default judgment. This is a further, independent basis for denial of Plaintiff's motion.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:  May 26, 2020
       Rochester, New York