UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PERRY GRIGGS,

                      Plaintiff,

   v.

R. SCHMAUSS, DDS,

                      Defendant.
_____

DECISION & ORDER

17-CV-6456EAW

On July 12, 2017, *pro se* plaintiff Perry Griggs ("Griggs") commenced this action against the defendant pursuant to 42 U.S.C. § 1983 alleging that he was deliberately indifferent to his medical needs in violation of the Eighth Amendment. (Docket # 1). Currently pending before this Court is Griggs's motion seeking appointment of counsel. (Docket # 44). According to Griggs, counsel is necessary because he suffers from several mental impairments that impede his ability to litigate this matter. (*Id.*). Griggs maintains that during his deposition counsel for defendant advised Griggs to request appointment of counsel from the Court. (*Id.*). Defendant responded to the motion indicating that he took no position with respect to Griggs's request. (Docket # 46). In the submission, defendant's counsel clarified that she informed Griggs that he could request that the Court appoint counsel after Griggs expressed doubts concerning his ability to complete the deposition without the assistance of counsel. (*Id.* at ¶¶ 6-8). Despite Griggs's misgivings, the deposition was completed and a copy of the transcript was attached to defendant's submission. (Docket # 46-1).

       It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C.

§ 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and [plaintiff's] chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632

(2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards stated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 61-62, that the appointment of counsel is not warranted at this time. Although it appears that discovery has been conducted in this case, Griggs has not established a likelihood of success on the merits. Moreover, the legal issues in this case do not appear to be complex.

In addition, Griggs's conduct in prosecuting this matter thus far strongly suggests that he is capable of understanding and handling the litigation, contrary to his claims in the pending motion. Griggs drafted the complaint and successfully sought reconsideration of a Decision and Order dismissing the complaint. (Docket ## 1, 10, 11). He has sent correspondence to the Court updating his address and seeking assistance in serving the defendant and an extension of time within which to do so. (*See*, *e.g.*, Docket ## 24, 25, 27, 28). Moreover, review of the transcript of Griggs's deposition suggests that despite his reservations about conducting the deposition without legal representation, Griggs was able to participate in the deposition and it was ultimately completed. (Docket # 45-1).

Although Griggs alleges that he suffers from mental health impairments including cognitive deficits, schizophrenia, and PTSD, he has not otherwise demonstrated that those impairments limit his ability to litigate this case. Appointment of counsel is thus not warranted on this basis, especially where Griggs has shown an ability to pursue his claims in this case. *See*, *e.g.*, *Perez v. Cnty. of Monroe*, 2012 WL 4052470, *2 (W.D.N.Y. 2012) (denying appointment of counsel where *pro se* plaintiff was "capable of prosecuting his case" and "equipped to

3

understand the litigation process" despite "mental health disabilities"); *Lewis v. Turco*, 2010 WL 2287509, *1 (W.D.N.Y. 2010) (appointment of counsel denied where *pro se* plaintiff had not demonstrated that mental health issues would hinder his ability to litigate his claims); *Byng v. Campbell*, 2008 WL 4662349, *6 (N.D.N.Y. 2008) (denying appointment of counsel where *pro se* plaintiff was "able effectively to litigate" his claims notwithstanding various "medical and mental health issues"). Finally, Griggs's case does not present any special reasons justifying the assignment of counsel.

On this record, Griggs's request for the appointment of counsel **(Docket # 44)** is **DENIED without prejudice** at this time. It is Griggs's responsibility to retain an attorney or continue with this lawsuit *pro se*. 28 U.S.C. § 1654.

**IT IS SO ORDERED.**

                                                      *s/Marian W. Payson*
                                                      MARIAN W. PAYSON
                                                United States Magistrate Judge

Dated: Rochester, New York
       June 17, 2022